T.C. Memo. 2000-249


UNITED STATES TAX COURT


JAMES LEWIS AND LILLIAN E. HUNTER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11976-99.                    Filed August 9, 2000.


James L. Hunter and Lillian E. Hunter, pro sese.

Gary M. Slavett, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, Judge:  Respondent determined a deficiency of $10,048 in petitioners' 1996 Federal income tax.  The issues for decision are whether petitioners have substantiated $5,704 in medical and dental expenses under section 213 and whether petitioners are entitled to deduct $38,829 in alleged casualty losses under section 165.[1]

---

[1]  All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.[2] The stipulated facts and the related exhibits are incorporated herein by this reference. At the time of filing the petition in this case, petitioners resided in Los Angeles, California.

James Lewis Hunter and his wife, Lillian E. Hunter, filed a joint Federal income tax return for 1996. On Schedule A, Itemized Deductions, of their return, petitioners claimed $10,530 in medical and dental expenses. The expenses included medical and dental bills that petitioners paid on behalf of their daughter.[3] After accounting for the 7.5-percent adjusted gross income (AGI) threshold limitation under section 213,[4] petitioners' medical and dental expense deduction equaled $2,227.

On their Schedule A, petitioners also claimed a $50,000 casualty loss for earthquake damage to the foundation of their residence. After the threshold limitations under section

_____

[2] We note that petitioner Lillian E. Hunter did not sign the stipulation of facts. Because petitioners have not argued that the stipulation of facts does not apply to Mrs. Hunter, we treat the stipulation of facts as applying to both Mr. Hunter and Mrs. Hunter.

[3] On the return, petitioners listed their daughter and her two children as dependents. Respondent does not challenge these dependency exemptions.

[4] Sec. 213 provides that "There shall be allowed as a deduction the expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer, his spouse, or a dependent * * * to the extent that such expenses exceed 7.5 percent of adjusted gross income."

165(h),[5] the casualty loss deduction equaled $38,829.

After examining the return, respondent determined that petitioners' deductions were overstated by $41,056, resulting in a deficiency of $10,048.  In the notice of deficiency, respondent disallowed $5,704 of the $10,530 in medical and dental expenses claimed by petitioners on the ground that petitioners had failed to substantiate such amounts.[6]  Respondent also disallowed the casualty loss deduction because petitioners had failed to show that they had suffered a deductible loss in 1996 under section 165.

## OPINION

### Medical and Dental Expense Deduction

Deductions are strictly a matter of legislative grace, and taxpayers bear the burden of proving that they are entitled to any deductions claimed on their return.  See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).  Taxpayers must substantiate amounts claimed as deductions by maintaining the records necessary to establish such entitlement.  See sec.

---

[5]  Sec. 165(h) states in part that "Any loss * * * shall be allowed only to the extent that the amount of the loss to such individual arising from each casualty * * * exceeds $100" and only to the extent that the net casualty loss "exceeds 10 percent of the adjusted gross income".

[6]  The remaining $4,826 in medical and dental expenses no longer exceeds the 7.5-percent threshold limitation under sec. 213.  Therefore, after respondent's adjustments, petitioners cannot deduct any of the remaining medical and dental expenses.

6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), affd.
per curiam 540 F.2d 821 (5th Cir. 1976); sec. 1.6001-1(a), Income
Tax Regs.  To substantiate medical and dental expenses under
section 213, the taxpayer must furnish the name and address of
each person to whom payment was made and the amount and date of
each such payment.  See sec. 1.213-1(h), Income Tax Regs.  If
requested by the Commissioner, the taxpayer must also furnish an
itemized invoice which identifies the patient, the type of
service rendered, and the specific purpose of the expense.  See
id.

Respondent disallowed the $5,704 in medical and dental
expenses on the ground that petitioners had failed to provide
adequate documentation substantiating these expenses.
Petitioners, however, argue that they substantiated these
expenses with canceled checks that they wrote to their daughter.
According to Mr. Hunter's testimony, their daughter used these
checks to pay for her and her children's medical and dental
expenses.  Petitioners, however, have failed to provide any of
the canceled checks or other documents relating to these
expenses.[7]  We are not obligated to accept Mr. Hunter's self-

---

[7]  The Court decided to recall the case during the second
week of the trial session so petitioners could locate and submit
any documents which could be used to substantiate the disallowed
medical and dental expenses.  However, at the recall, petitioners
failed to appear and produce any canceled checks, receipts,
invoices, or other documentation verifying the disallowed
expenses.

serving and uncorroborated testimony in this regard. See Geiger v. Commissioner, 440 F.2d 688, 689-690 (9th Cir. 1971), affg. per curiam T.C. Memo. 1969-159; Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). Accordingly, we sustain respondent's determination.

Casualty Loss Deduction

Pursuant to section 165(a) and (c)(3), a taxpayer is allowed a deduction for an uncompensated loss that arises from fire, storm, shipwreck, or other casualty. The loss must arise from an event that is identifiable, damaging to property, sudden, unexpected, and unusual in nature. See White v. Commissioner, 48 T.C. 430, 433 (1967); Kielts v. Commissioner, T.C. Memo. 1981-329. Generally, a casualty loss is deducted in the year the loss is sustained. See sec. 165(a); Hunter v. Commissioner, 46 T.C. 477, 492 (1966); Allen v. Commissioner, T.C. Memo. 1984-630; secs. 1.165-1(d)(1), 1.165-7(a)(1), Income Tax Regs. In circumstances where the full extent of the loss is not known, the deduction can be claimed in a subsequent year. See Kunsman v. Commissioner, 49 T.C. 62, 72 (1967); Allen v. Commissioner, supra. However, one's entitlement to a casualty loss deduction cannot be postponed beyond the year in which the full extent of the loss is known. See Kunsman v. Commissioner, supra at 72; Katz v. Commissioner, T.C. Memo. 1983-8.

Respondent disallowed petitioners' casualty loss deduction on the basis that petitioners had failed to establish: (1) The

existence of the event that caused the casualty loss; (2) the loss occurred in 1996; (3) the fair market value of petitioners' residence before and after the alleged casualty; and (4) the adjusted basis of their residence.

Petitioners acknowledge that they did not sustain the casualty in 1996.  Mr. Hunter testified that they originally discovered the foundation damage in 1995 but believed the damage resulted from an earthquake occurring in 1994.  Mr. Hunter stated that, on the advice of their tax preparer,[8] they decided to take half of the casualty loss in the 1995 tax year and the remainder in the 1996 tax year.

A casualty loss from a single event generally cannot be deducted piecemeal.  See Katz v. Commissioner, supra.  The losses must be deducted either in the year the casualty was sustained or in the year when the full extent of the loss is known.  See id. We therefore find that because petitioners knew in 1995 the full extent of the damage to their residence, they were not entitled to deduct part of the alleged casualty loss in 1996.[9]

---

[8]  Petitioners used a professional tax preparation service to electronically prepare and file their 1995 and 1996 returns.

[9]  If the casualty occurred in 1994, the loss generally can only be deducted during that year or the year in which the full extent of the loss is known.  If such year is not properly before the Court, then we are barred from addressing the merits of the casualty loss deduction.  See sec. 6214(b); Katz v. Commissioner, T.C. Memo. 1983-8.

Accordingly, we also sustain this part of respondent's determination.

To the extent not herein discussed, we have considered petitioners' other arguments and found them to be irrelevant or without merit.

<u>An appropriate Order and Decision will be entered for respondent</u>.